

**ORDERED in the Southern District of Florida on October 28, 2019.**

**Robert A. Mark, Judge
United States Bankruptcy Court**

___

```
            UNITED STATES BANKRUPTCY COURT
             SOUTHERN DISTRICT OF FLORIDA
```

|  |  |
|---|---|
| In re: | Case No. 17-25237-BKC-RAM |
| LISSETTE GANCEDO, | Chapter 13 |
| Debtor. |  |

## MEMORANDUM OPINION AND ORDER GRANTING
## DEBTOR'S MOTION TO AVOID JUDICIAL LIEN

The Debtor seeks to avoid a judgment lien that impairs her homestead. The issue is whether she may use § 522(f) of the Bankruptcy Code to avoid the lien against property she acquired <u>after</u> the creditor recorded its judgments. For the reasons that follow, the Court finds that the lien may be avoided.

**Factual and Procedural Background**

On September 30, 2015, Hanover Insurance Company ("Hanover") recorded two final judgments against the Debtor in the public records of Miami-Dade County, Florida [DE #83, Ex. "A"; DE #96, Ex. "A"]. On that date, the debtor, Lissette Gancedo ("Gancedo" or "Debtor") was residing with her then-husband, Carlos Alberto Gancedo, in the real property located at 4121 SW 96th Avenue, Miami, Florida 33165 (the "Residence"). When the judgments were recorded, title to the Residence was in the name of her then-husband, Carlos Alberto Gancedo, and Jose Antonio Gancedo. The Debtor was not on the title.

The Debtor and Mr. Gancedo later divorced. Pursuant to their marital settlement agreement, Mr. Gancedo and Jose Antonio Gancedo transferred title to the Residence to the Debtor by quit-claim deed dated February 10, 2017 [DE #97, Ex. "A"]. The deed was recorded in the public records of Miami-Dade County Florida on April 7, 2017 [DE #96, Ex. "B"].

Gancedo filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code on December 22, 2017. On June 4, 2019, Gancedo filed her Motion to Avoid Judicial Lien (the "Motion") [DE #83]. Hanover filed a response in opposition to the Motion on July 31, 2019 [DE #96], and Gancedo filed a reply in support of

her Motion on August 8, 2019 [DE #97].  The Court conducted a hearing on the Motion on August 13, 2019.  Having considered the record, the arguments of counsel at the August 13th hearing, and applicable law, the Court concludes that the Motion should be granted.

## Discussion

Hanover obtained and recorded its judgments almost two years before the Debtor acquired title to the Residence.  The timing of a judgment can matter in considering lien avoidance motions.  If a judgment lien attaches to property before it is acquired or before it becomes a homestead, the lien may not be avoided if the property later becomes homestead.  *See In re Perez*, 391 B.R. 190, 191 (Bankr. S.D. Fla. 2008).

Those are not the facts here.  Hanover's judgments were only against the Debtor and therefore did not attach to the Residence before the Debtor obtained title.  Instead, Hanover's judgment lien attached to Gancedo's legal title interest in the Residence simultaneously with Gancedo's acquisition of title to the residence in 2017.  As such, the homestead exemption applicable to Florida debtors, Fla. Const. art. X, § (4), protected Gancedo's title interest in the Residence upon execution of the quit-claim deed.  *In re Perez*, 391 B.R. at 192.

There are decisions denying avoidance of judgment liens that attached simultaneously with the Debtor's acquisition of title to homestead property, most notably, the Supreme Court's decision in *Farrey v. Sanderfoot*, 500 U.S. 291 (1991). In that case, Farrey and Sanderfoot owned a home jointly during their marriage. In their divorce decree, Sanderfoot was granted full ownership of the home and Farrey, the former wife, was granted a lien to secure Sanderfoot's payment obligations to her. In deciding that the lien could not be avoided, the Court focused on the fact that Sanderfoot did not hold the fee simple interest before the lien fixed. 500 U.S. at 299-300.

The Supreme Court certainly reached the right result. It would have been grossly inequitable for the husband to obtain full ownership to the home without the ex-wife having the protection of a lien to secure obligations imposed in the same divorce decree that awarded full title to the debtor.

Farrey does not apply here. Instead, this Court agrees with courts and commentators limiting *Farrey's* application to situations, particularly family law settlements or judgments, in which the lien and the property interest were created as part of the same transaction or judgment. *See In re Perez*, 391 B.R. at 192; *see also* 4 *Collier on Bankruptcy* ¶ 522.11[4] (16th ed. 2019)

4

(*Farrey* should not be expanded beyond the realm of domestic relations judicial liens).

In the case before the Court, the Hanover judgments were not related to the Debtor's acquisition of title to the Residence. The Debtor was living in the Residence when she obtained the quit-claim deed, and her ownership interest was protected by Florida's homestead exemption when the judgment lien attached. The lien can and will be avoided because it impairs her exemption. *In re Anderson*, 496 B.R. 812 (Bankr. E.D. La. 2013); *In re Perez*, 391 B.R. at 192; *In re Walker*, 345 B.R. 399 (Bankr. M.D. Fla. 2006).

Therefore, it is-

**ORDERED** as follows:

1. The Motion is granted.

2. Debtor's counsel shall submit a supplemental Order avoiding the lien and referencing the legal description of the Residence and the official record details for the recorded Hanover judgments.

###

COPIES FURNISHED TO:

Jennifer R. Jorge, Esq.
Jorge & Acosta Law, PLLC
8603 S Dixie Hwy, Suite 210
Pinecrest, FL 33156

Eric D. Coleman, Esq.
Carlton Fields
100 SE 2nd Street, Suite 4200
Miami, FL 33131